616 A.2d 1060

**STONE AND EDWARDS INSURANCE AGENCY, INC., Emerson D. Lightner and Gary W. Lightner, Petitioners,**

v.

**DEPARTMENT OF INSURANCE, Cynthia M. Maleski, Acting Insurance Commissioner, Thomas S. Buzby, Deputy Insurance Commissioner, Laura C. Plumley, Presiding Officer, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 26, 1992.

James W. Evans, for petitioners.

Amy L. Putnam, Deputy Gen. Counsel, for respondents.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Stone and Edwards Insurance Agency, Inc., Emerson D. Lightner and Gary W. Lightner (collectively referred to as Stone and Edwards) filed a complaint in equity in our original jurisdiction on June 8, 1992 seeking relief in the form of a declaratory judgment and an injunction against the Commonwealth of Pennsylvania, Department of Insurance, Cynthia M. Maleski, Acting Insurance Commissioner, Thomas S. Buzby, Deputy Insurance Commissioner and Laura C. Plumley, Presiding Officer (collectively referred to as Insurance Department). Stone and Edwards' complaint requested, inter alia, that Section 506 of the Administrative Code of 1929 [1], and Section 102(a) of the Administrative Agency Law [2] as implemented by the Department of Insurance Regulations [3] be declared unconstitutional and that Insurance Department be enjoined from proceeding against Stone and Edwards for alleged violations of the Insurance Department Act [4], the Unfair Insurance Practices Act [5] and Insurance Department Regulations. [6]

The matter now before this Court is Insurance Department's preliminary objections to Stone and Edwards' com-

1. Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 186.

2. 2 Pa.C.S. § 102(a).

3. The specific regulations challenged by Stone and Edward's complaint are as follows: 1 Pa.Code §§ 35.14, 35.121, 35.185, 35.187, 35.190, 35.226 and 31 Pa.Code § 56.2.

4. Act of May 17, 1921, P.L. 789, No. 285, *as amended*, 40 P.S. §§ 1–321.

5. Act of July 22, 1974, P.L. 589, No. 205, *as amended*, 40 P.S. §§ 1171.1–1171.15.

6. 31 Pa.Code §§ 1.1–303.1.

plaint.[7] The preliminary objections [8] are in the nature of a demurrer and an objection to this Courts jurisdiction.

Stone and Edwards' complaint avers that it is a Pennsylvania corporation licensed to sell life, accident and health, property and casualty insurance and annuities and that Emerson Lightner and Gary Lightner are adult individuals licensed in Pennsylvania as insurance agents and brokers to sell life, accident and health, property and casualty insurance and annuities. All of these named petitioners have their principal place of business at 109 Miller Lane, Harrisburg, Dauphin County, Pennsylvania. Stone and Edwards' complaint also contains the following relevant averments in support of their request for a declaratory judgment and injunctive relief:

5. Respondent Cynthia M. Maleski is the Acting Insurance Commissioner for the Commonwealth of Pennsylvania, and as such is charged, pursuant to the Administrative Code of 1929, 71 P.S. § 66, with the responsibility and duty of enforcing the Insurance Department Act, 40 P.S. § 1 *et seq.*, the Insurance Company Law of 1921, 40 P.S. § 341 *et seq.*, the Unfair Insurance Practices Act, 40 P.S. § 1171.1 *et seq.*, and the rules and regulations promulgated thereunder. The Acting Insurance Commissioner has her principal offices located at Strawberry Square, Harrisburg, Dauphin County, Pennsylvania.

6. Respondent Thomas S. Buzby, is a Deputy Insurance Commissioner for the Commonwealth of Pennsylvania, and as such is charged, pursuant to the Administrative Code of 1929, 71 P.S. §§ 66 and 73, with the responsibility and duty of enforcing the Insurance Department Act, 40 P.S. § 1 *et seq.*, the Insurance Company Law of 1921, 40 P.S. § 341 *et seq.*, the Unfair Insurance Practices Act, 40 P.S. § 1171.1 *et*

7. On June 12, 1992 Stone and Edwards filed an application for special relief in the form of a preliminary injunction. A hearing was held on July 9, 1992 to decide upon whether or not to grant the requested preliminary injunction; the injunction was denied.

8. Thomas Buzby filed his preliminary objections on June 26, 1992 and the Department of Insurance, Cynthia Maleski and Laura Plumley collectively filed preliminary objections on July 7, 1992. As the respondents raise the same objections, they will all be treated together.

*seq.*, and the rules and regulations promulgated thereunder. The Deputy Insurance Commissioner has his principal offices located at Strawberry Square, Harrisburg, Dauphin County, Pennsylvania.

7. Respondent Laura C. Plumley, an Insurance Department Counsel and employee, was charged on March 6, 1992 by Ronald E. Chronister, then Acting Insurance Commissioner, with the responsibility and duty of presiding over Insurance Department hearings involving, *inter alia*, the Petitioners. Ms. Plumley has principal offices located at Strawberry Square, Harrisburg, Dauphin County, Pennsylvania ...

32. As Deputy Insurance Commissioner in the Office of Program Services, Consumer Services and Enforcement, Respondent Buzby is the direct subordinate of Respondent Maleski.

33. Pursuant to 31 Pa.Code § 56.2, the Insurance Commissioner has the ultimate adjudicatory authority in the matters involving the Petitioners.

39. Because the Deputy Insurance Commissioner, Respondent Buzby, is the prosecutor and the direct subordinate of the Insurance Commissioner, Respondent Maleski, who has the ultimate adjudicating authority of the allegations against Petitioners, there exists a commingling of the prosecutorial and adjudicative functions.

41. Section 506 of the Administrative Code of 1929, 71 P.S. § 189, and the Administrative Agency Law, 2 Pa.C.S.A.App. § 102(a), as implemented by 1 Pa.Code §§ 35.14, 35.121, 35.185, 35.187, 35.190, 35.226, and 31 Pa.Code § 56.2, create an unconstitutional commingling of the prosecutorial and adjudicative functions.

43. The pending proceedings before the Insurance Commissioner have subjected and will continue to subject Petitioners to an unconstitutional prosecution by the Insurance Department.

45. The denial of due process constitutes an immediate and irreparable injury to Petitioners, incapable of compensation

by the award of damages and the injunctive relief requested herein is necessary to prevent said harm.

Insurance Department argues that a demurrer should be granted because Stone and Edwards has not pled facts which establish a claim upon which relief may be granted. Insurance Department asserts that none of Stone and Edwards' factual averments demonstrate an improper commingling of prosecutorial and adjudicative functions within the Insurance Department. Insurance Department also argues that Stone and Edwards' averments constitute conclusions of law, rather than factual assertions.

It is noted that when ruling on preliminary objections, this Court shall sustain such objections and dismiss the complaint, only in cases that are clear and free from doubt that the law will not permit recovery. *Capital City Lodge No. 12, Fraternal Order of Police v. City of Harrisburg*, 138 Pa.Commonwealth Ct. 475, 588 A.2d 584, *appeal denied* 528 Pa. 614, 596 A.2d 159 (1991). In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded allegations in the complaint and all inferences reasonably deduced therefrom. *Pennsylvania Chiropractic Federation v. Foster*, 136 Pa.Commonwealth Ct. 465, 583 A.2d 844 (1990). The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Commonwealth, Department of Public Welfare v. Portnoy*, 129 Pa.Commonwealth Ct. 469, 566 A.2d 336, *appeal granted*, 525 Pa. 648, 581 A.2d 574 (1990). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Gaster v. Township of Nether Providence*, 124 Pa.Commonwealth Ct. 595, 556 A.2d 947 (1989).

In the cases of *Lyness v. State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992) and *Dussia v. Barger*, 466 Pa. 152, 351 A.2d 667 (1975), the Supreme Court of Pennsylvania found that an unconstitutional commingling of prosecutorial

and adjudicative functions existed within two Pennsylvania agencies. Insurance Department argues that Stone and Edwards' have failed to meet the requirements set forth in the *Lyness* and *Dussia* cases. We note that at the procedural stage of a demurrer, Stone and Edwards are under no burden to prove their cause of action. *Marinari v. Department of Environmental Resources*, 129 Pa.Commonwealth Ct. 569, 566 A.2d 385 (1989). We must determine whether the facts in the petition are sufficient to entitle them to relief. *Id.* Stone and Edwards complaint asserts that the statutory framework of the Insurance Department creates a system whereby the Acting Insurance Commissioner is involved in both the prosecutorial and adjudicative functions of the agency in violation of due process. Whether such a system has been statutorily created within the Insurance Department is clearly an issue which, if proven, would allow Stone and Edwards the requested relief sought in their complaint. Thus, as it is not clear from the face of the complaint that the law will not permit recovery, we will dismiss Insurance Department's preliminary objection in the nature of a demurrer.

Insurance Department's next preliminary objection asserts that this Court lacks jurisdiction over the matter for the following three reasons: (1) Stone and Edwards has failed to exhaust administrative remedies, (2) jurisdiction resides exclusively with the insurance commissioner and (3) Stone and Edwards have failed to join indispensable parties.

In general, a court lacks jurisdiction to address an action in law or in equity where an administrative remedy exists. *Campbell v. Department of Labor and Industry*, 80 Pa.Commonwealth Ct. 558, 471 A.2d 1331 (1984), *appeal quashed*, 507 Pa. 479, 490 A.2d 831 (1985). However, the doctrine that administrative remedies must first be exhausted is not so inflexible as to bar either legal or equitable jurisdiction where the available administrative remedy is inadequate to alleviate the injuries sustained. *National Solid Waste Management v. Casey*, 135 Pa.Commonwealth Ct. 134, 580 A.2d 893 (1990). Specifically, the exhaustion of administrative remedies is not required where a statutory scheme's constitu-

tionality or validity is being challenged. *Id.* In order to qualify under the exception "the attack must be made to the constitutionality of the statute or regulation as a whole and not merely to how the statute or regulation has been applied in a particular case." *Barr v. State Real Estate Commission,* 110 Pa.Commonwealth Ct. 530, 532 A.2d 1236 (1987), citing *St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa.Commonwealth Ct. 561, 570, 493 A.2d 146, 153 (1985).

Stone and Edwards' complaint, read in its entirety, asserts that the statutory and regulatory framework, as a whole, commingles the prosecutorial and adjudicatory functions unconstitutionally within the person of the insurance commissioner. Thus, the exhaustion of administrative remedies is not required.[9]

Accordingly, we will dismiss the preliminary objections and direct that the insurance commissioner plead to the complaint.

## ORDER

AND NOW, this 26th day of October, 1992, the preliminary objections of Department of Insurance, Cynthia M. Maleski, Acting Insurance Commissioner, Thomas J. Buzby, Deputy Insurance Commissioner, Laura C. Plumley, Presiding Officer, are dismissed and they are directed to plead to the complaint within thirty (30) days from the date hereof.

---

9. Because Insurance Department's next two arguments, that jurisdiction resides exclusively in another tribunal and that Stone and Edwards have failed to join indispensable parties, go to the merits of the Insurance Department proceeding against Stone and Edwards and we have concluded that administrative exhaustion is not required, we need not address these issues.