**John HOLLAWELL, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 5, 1997.

Decided Oct. 8, 1997.

No appearance entered for Petitioner.

Robert A. Greevy, Assistant Counsel, Harrisburg, for Respondent.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Before us for disposition is the Pennsylvania Board of Probation and Parole's (Board) preliminary objection in the nature of a demurrer to Petitioner John Hollawell's January 10, 1997 petition for manda-

---

5. Hanoverian acknowledges it can appeal future tax assessments.

mus.[1] In that petition, Petitioner requested that this Court compel the Board to 1) explain in detail how it concluded that he is a habitual offender; 2) clarify in specifics any treatment that Petitioner allegedly needs; and 3) describe how it concluded that Petitioner is in need of the alleged, but unspecified, treatment. For the following reasons, we sustain the preliminary objection.

This case raises the question of how much detail the Board must include in a parole refusal decision. Section 22 of what is commonly called the Pennsylvania Board of Parole Act (Act) provides that "whenever an application for parole is refused by the board, a brief statement of the reasons for the board's action shall be filed of record in the offices of the board...." Act of August 6, 1941, P.L. 861, *as amended*, added by the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. § 331.22. Here, in a December 17, 1996 notice, the Board set forth the following reasons for denying Petitioner's application for parole:

REFUSE.

HABITUAL OFFENDER.

YOUR NEED FOR TREATMENT.

UNFAVORABLE RECOMMENDATION FROM THE DISTRICT ATTORNEY.

(Board's Brief, Appendix "A.")

Petitioner argues that he is not attempting to attack the refusal of his parole, which is prohibited under *Reider v. Pennsylvania Board of Probation and Parole*, 100 Pa. Cmwlth. 333, 514 A.2d 967 (1986), but instead, is merely "request[ing] answers and/or an explanation to the ambiguous and disingenuous/untruthful statements contained on green sheets" and "attempting to secure information to gain parole in the future." (Petitioner's Brief in Opposition to the Board's Preliminary Objections at 3.) In essence, we interpret Petitioner's petition for mandamus as a challenge to the sufficiency of the Board's decision refusing his parole.

After reviewing the facts as averred, we conclude that no relief is possible. As we noted in *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766, 777 (Pa.Cmwlth.1997),

[t]he only relief that [a petitioner] can obtain through mandamus is for the proper procedures to be followed and the proper law be applied by the Board in ruling on his application for parole.

Even though the Board's decision in the case *sub judice* was neither extremely detailed nor specific, all that the Board had to do under Section 22 of the Act was to provide a brief statement of its reasons. Notwithstanding its lack of elaboration, we conclude that it has done so. In addition, Petitioner has not demonstrated that "the Board's refusal to grant parole, as evident solely in its decision, was, as a matter of law, based upon an erroneous conclusion that it had discretion to deny parole for the reason given." *Id.* (footnote omitted).

Accordingly, for the above reasons, we hereby sustain the Board's preliminary objection in the nature of a demurrer.

## ORDER

AND NOW, this 8th day of October, 1997, we hereby sustain the Pennsylvania Board of Probation and Parole's preliminary objection in the nature of a demurrer to Petitioner John Hollawell's January 10, 1997 petition for mandamus.

---

1. In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Jackson v. Garland*, 424 Pa. Superior Ct. 378, 622 A.2d 969 (1993).