**Malcolm HUGIE, Petitioner,**

v.

**Martin F. HORN, Commissioner of the Department of Corrections; Donald T. Vaughn, Superintendent of the State Correctional Institute at Graterford, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 7, 1998.
Decided May 26, 1999.

---

No appearance entered for petitioner.

Raymond W. Dorian, Camp Hill, for respondents.

Before DOYLE, J., KELLEY, J., and RODGERS, Senior Judge.

DOYLE, Judge.

Before this Court in our original jurisdiction, pursuant to Section 761 of the Judicial Code, 42 Pa.C.S. § 761, is the preliminary objection in the nature of a demurrer filed by the Commissioner of the Department of Corrections and the Superintendent of the State Correctional Institute at Graterford (Department), in response to a writ of mandamus filed by Malcolm Hugie (Petitioner).

Petitioner was convicted and sentenced, on January 19, 1993, to a term of three and one-half to nine years for rape, involuntary deviate sexual intercourse, burglary, assault and other offenses. On July 22, 1994, Petitioner was sentenced to a term of five to ten years for aggravated assault and other offenses. Petitioner's minimum sentence expired on July 26, 1998, and his maximum sentence expires on July 26, 2003. The facts regarding the Petitioner's sentences and his minimum and maximum terms are not in dispute. On June 6, 1997, Petitioner was refused admission to the pre-release program offered by the Department.[1] This denial was based upon the nature of his offenses, his prior history of assaults and the need for continued program involvement by the Petitioner. On August 15, 1997, Petitioner filed an inmate grievance objecting to his classification as a dangerous offender and a sexual predator and further objecting to the denial of his request for admission to the pre-release program.[2] The Director of the Bureau of Inmate Services subsequently denied the grievance by a letter dated August 29, 1997. Petitioner then filed a petition for a writ of mandamus with this Court, challenging the denial of his request for participation in the pre-release pro-

---

1. The record is devoid of any information concerning the nature of the pre-release program.

2. Petitioner's inmate grievance stated, in pertinent part as follows:

I am requesting to have the dangerous offender and sexual predator classification removed from my institutional records. I was not classified by the sentencing court as a dangerous offender nor as a sexual predator. This classification has aggravat-ed my punishment and has caused me not to be eligible to participate in the institutional programs. I was denied pre-release and outside clearance based on this classification. My criminal conviction will never change and I believe I am being discriminate[d] against simply because my criminal conviction is a sex offense.

(Petitioner's "Official Inmate Grievance," Exhibit B to the Commonwealth's Preliminary Objections.)

gram and the Department's classification of Petitioner as a dangerous offender and sexual predator. The Department then filed preliminary objections in the nature of a demurrer to Petitioner's petition.

In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance,* 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Jackson v. Garland,* 424 Pa.Super. 378, 622 A.2d 969 (1993).

The Department argues that Petitioner's mandamus petition fails to state a cause of action because Petitioner does not have a clear right to participate in a pre-release program. We agree. This Court, in *Weaver v. Pennsylvania Board of Probation and Parole,* 688 A.2d 766 (Pa.Cmwlth. 1997), recognized that "mandamus is an appropriate avenue to compel a governmental body to perform a discretionary act where its duty to perform that act is mandated by the law, and the body has refused to perform the act based upon an erroneous interpretation of the law." *Id.* at 776. Mandamus does not lie to compel a body vested with discretion to exercise that discretion in any particular manner or to arrive at a particular result. *Id.* at 777. This Court further reasoned:

> Mandamus is based upon a duty by an agency to follow a law and is available only when, under a correct interpretation of that law, the agency has an absolute ministerial duty—no choice—to act in a certain way. **Mandamus cannot be used to say that an agency considered improper factors, that its findings of fact were wrong, or that the reasons set forth in its decision are a pretense.** If that was the nature of mandamus, there would be no difference

between it and an appeal from the agency's decision or other forms of actions to address those concerns.

*Id.* (footnote omitted) (emphasis added).

First, Petitioner contends that the **denial** of his request for admission to a pre-release program **was a result** of his classification by the Department as a dangerous offender and sexual predator. We disagree. The Department has been granted the responsibility to promulgate the necessary rules for the administration of pre-release programs.[3] Pursuant to this grant of authority, the Department established the necessary regulations. *See* 37 Pa.Code §§ 94.1–.7. These regulations govern how the Department evaluates potential candidates for admission to a pre-release program. Here, the Department denied Petitioner's request for assignment in a pre-release program based, in part, upon Petitioner's prior history of violent criminal acts. It is well settled that participation in a pre-release program is a special privilege granted for satisfactory behavior in prison. *Auberzinski v. Board of Probation and Parole,* 690 A.2d 776 (Pa.Cmwlth.1997). The Department exercised its lawful discretion and denied Petitioner's request for admission to a pre-release program based upon the belief that Petitioner's violent criminal history rendered him ineligible, at that time, for admission to such a program. Thus, Petitioner's allegations that his denial was based solely upon his *classification* as a dangerous offender and sexual predator fail.

Additionally, the record is devoid of any reference to Petitioner as a dangerous offender and sexual predator, and, because this Court is required to accept all well pled allegations as true, we are compelled to address Petitioner's assertion on this issue. The General Assembly has codified the requirements necessary for a citizen to be designated as a "dangerous offender" and/or "sexual predator." The criteria for

3. Act of July 16, 1968, P.L. 351, *as amended,* 61 P.S. § 1053.

one to be classified as a "dangerous offender" are found at 42 Pa.C.S. § 9714(b), which provides as follows:

(b) Presumption of high risk dangerous offender.—For the purposes of subsection (a), an offender shall be presumed to be a high risk dangerous offender and shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold:

(1) The **offender was previously convicted of a crime of violence.** The previous conviction need not be for the same crime as the instant offense for this section to be applicable.

(2) The **previous conviction occurred within seven years of the date of the commission of the instant offense,** except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention or on probation or parole shall not be considered in computing the relevant seven-year period. Convictions for other offenses arising from the same criminal transaction as the instant offense shall not be considered previous convictions for the purpose of this section. For purposes of this section previous conviction shall include any conviction, whether or not judgment of sentence has been imposed or litigation is pending concerning that conviction.

*Id.* (emphasis added).

Furthermore, Section 9714(g) defines the term "crime of violence" to include rape, involuntary deviate sexual intercourse and aggravated assault. Here, Petitioner was convicted of rape and involuntary deviate sexual intercourse in 1993 and was convicted of aggravated assault in 1994. Clearly, Petitioner falls within the parameters for classification as a dangerous offender.

Similarly, the definition of a "sexually violent predator" is contained within Section 9792, which states:

"Sexually violent predator." A person who has been convicted of a sexually violent offense as set forth in section 9793(b) (relating to registration of certain offenders for ten years) and who is determined to be a sexually violent predator under section 9794(e) (relating to designation of sexually violent predators) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

42 Pa.C.S. § 9792. Section 9793 provides the category of criminal offenses which would require an offender to register, specifically:

(b) Persons required to register.—

. . . .

(2) Persons convicted of any of the following offenses regardless of the age of the victim:

18 Pa.C.S. § 3121. (Relating to rape).

18 Pa.C.S. § 3123. (Relating to involuntary deviate sexual intercourse).

18 Pa.C.S. § 3125.

18 Pa.C.S. § 3128(a) and (b) (relating to spousal sexual assault).

42 Pa.C.S. § 9793(b). Again, because Petitioner was convicted of rape and involuntary deviate sexual intercourse in 1993, he qualifies as a person who would be initially classified within the statutory definition of a sexual predator.

Accordingly, the Department's preliminary objections are granted, and Petitioner's petition for a writ of mandamus is dismissed with prejudice.

### *O R D E R*

**NOW**, this 26th day of May, 1999, upon consideration of Respondents' preliminary objections to Petitioner's petition, said preliminary objections are granted, and the petition is dismissed with prejudice.

Concurring and dissenting opinion by Judge KELLEY.

KELLEY, Judge, concurring and dissenting.

I agree with the majority's conclusion that Petitioner's claim relating to the denial of his request to participate in the pre-release program fails to state a claim in mandamus. However, because I believe that mandamus could issue to compel the Department to remove its classification of Petitioner as a "dangerous offender" or a "sexually violent predator", I must disagree with the majority's conclusion to the contrary.

Mandamus will lie only where the petitioning party demonstrates his clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any other adequate remedy. *Campbell v. Department of Corrections,* 729 A.2d 632 (Pa. Cmwlth.1999), *citing Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965). *See also Weaver v. Pennsylvania Board of Probation and Parole,* 688 A.2d 766 (Pa.Cmwlth. 1997) (The only relief that an unsuccessful candidate for parole could obtain through an action in mandamus against the Board was for the proper procedures to be followed and the proper law to be applied by the Board in ruling on the parole application.)

In this case, Petitioner alleges, *inter alia,* that the Department has improperly designated him as a "dangerous offender" and a "sexually violent predator".[1] However, only the sentencing court has the authority to make such designations after due consideration of a number of statutory factors. *See* sections 9714 and 9794 of the Sentencing Code, 42 Pa.C.S. §§ 9714, 9794. Thus, it is patently beyond the authority of the Department to make such designations. If, as it is alleged, the Department made these designations and considered them in ruling on Petitioner's application for participation in the pre-release program, mandamus could issue to correct these errors. As a result, I would overrule the Respondents' preliminary objection to this claim.

---

1. As the majority correctly notes, this Court must accept these allegations as true. *See, e.g., Stone and Edwards Insurance Agency,* *Inc. v. Department of Insurance,* 151 Pa. Cmwlth. 266, 616 A.2d 1060 (1992).