## Saula v. Stewart Title Guaranty Co.

C.P. of Westmoreland County, no. 4486 of 1999.

*Donald J. Snyder Jr.,* for plaintiffs.
*Graydon Brewer,* for defendant Stewart Title.
*Margaret A. Tremba,* for defendant National City.
*Christopher McNally,* for defendants Dougherty and Greer.
*Christopher A. Feliciania,* for defendant Dom D'Amato.
*H. Keith Hauger,* for defendant Sana D'Amato.
*John M. Campfield,* for defendant Colosimo.
*Jackie Kovacs,* defendant, pro se.
*Matthew Anderson,* defendant, pro se.

LOUGHRAN, *P.J.,* February 2, 2000—This matter comes before the court for a determination of preliminary objections filed by one of the defendants, National City Bank of Pennsylvania, to the complaint in civil action filed by the plaintiffs, Lawrence W. Saula and Barbara P. Saula. The nature of the preliminary objections are a demurrer to Count V and a motion to strike.

This case arises from a series of events that cumulatively resulted in the purchase of properties located in the Woodhaven plan of lots, Hempfield Township, from the defendants, Dom D'Amato and Sana D'Amato, who did not have marketable title to the properties. The plaintiffs have brought action against the abstract company, the sellers, the developers, the real estate brokers and National City. National City holds the mortgage upon the property.

The preliminary objections of National City turn upon the question of whether there was a duty created between the bank and the plaintiffs as the purchasers. National City contends that there is no duty, that the title search was for its purpose only and not done to protect the plaintiff purchasers.

The pertinent facts to the preliminary objections filed by National City relate to National City's role as a mortgagee of the plaintiffs and the activities taken by National City as the mortgagee as part of the acquisition process. The plaintiffs contend that National City, along with the real estate agents and the title insurer and its agents, knew of the problems associated with the title to the properties and did not inform the plaintiffs of the problems associated with the title. Further, the plaintiffs contend that National City dictated the identity of the title agent. Paragraph 31 of plaintiffs' complaint alleges that the plaintiffs were placed in contact with National City for purposes of securing mortgage financing. National City required that the plaintiffs use the defendant, Greer Abstract, in a written directive (paragraph 32 and exhibit "E" to the plaintiffs' complaint) as part of its commitment. Despite inquiry concerning the problems, the complaint alleges that the plaintiffs were assured by National City that legal counsel was not necessary for the process of acquisition of the properties. (Complaint, paragraph 40.)

The plaintiffs contend National City knew of the defects in the title, and the inconsistencies between the survey and the documents provided by the closing agent (complaint, paragraph 49) but proceeded with the closing (complaint, paragraph 39) allowing the plaintiffs to

incur liability to National City under a note and mortgage.

Count V of the complaint alleges a cause of action in negligence against National City. Plaintiffs' complaint in paragraph 79 alleges that the plaintiffs were required to use and were otherwise restricted in their selection of a title insurance agent and company by the expressed direction of National City and did not have legal counsel, use legal counsel or refer the plaintiffs to legal counsel, thereby causing the plaintiffs to be deprived of legal advice which would have prevented the problems in the title. Paragraph 81 of plaintiffs' complaint alleges further negligence in that National City's closing officers were aware of the defects in the title or should have been aware of defects in the title and that the plaintiffs relied upon National City's assertions in protecting their interest. (Paragraph 82.)

It is plaintiffs' position that these actions created an affirmative duty upon the bank and that the bank was more than a mere mortgage holder, but an active player that placed plaintiffs in their position.

In ruling on a preliminary objection in the nature of a demurrer, the court must accept as true all well-pleaded allegations in the complaint and all inferences reasonably deduced therefrom. Further, all doubts should be resolved against dismissal of the complaint. *Stone & Edwards Insurance Agency v. Department of Insurance,* 151 Pa. Commw. 266, 616 A.2d 1060 (1992). The court shall sustain preliminary objections and dismiss the complaint *only* in cases that are clear and free from doubt that the law will not permit recovery. *Capital City Lodge No. 12, Fraternal Order of Police v. City of Harrisburg,* 138 Pa. Commw. 475, 588 A.2d 584 (1991).

At this point in time, the preliminary objections of National City must be denied. The plaintiffs have pled sufficient facts which create a question of fact as to the duty undertaken by the bank. As such, preliminary objections are not appropriate

## ORDER

And now, to wit, February 2, 2000, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the preliminary objections of the defendant, National City Bank of Pennsylvania, are hereby denied.