Morris Willis, Appellant,
v.
R.M. Desanti, Paul Sosna, Brenda Tritt, James E. Unell, George Clements, John Kerestes and Dorina Varner
No. 1764 C.D. 2009.
Commonwealth Court of Pennsylvania.
Submitted: January 29, 2010.
Filed: April 1, 2010.
Before: McGINLEY, Judge; BROBSON, Judge; FLAHERTY, Senior Judge;

OPINION NOT REPORTED
MEMORANDUM OPINION BY JUDGE McGINLEY
Morris Willis (Appellant) appeals, pro se, from the order of the Court of Common Pleas of Schuylkill County (common pleas court) which granted the Preliminary Objections of R.M. Desanti, Paul Sosna, Brenda Tritt, James E. Unell, George Clements, John Kerestes, and Dorina Varner (collectively Appellees) and dismissed Appellant's Amended Complaint, with prejudice.
Appellant is an inmate currently incarcerated at the State Correctional Institution at Mahanoy (SCI-Mahanoy). The Appellees were all employees of the Department of Corrections at the time of the events pertaining to this matter.
On February 6, 2009, Appellant, pro se, filed an Amended Complaint under the Civil Rights Statute, 42 U.S.C. §1983,[1] and alleged that he was subjected to retaliation, conspiracy, defamation, and negligent infliction of emotional distress.
Appellant alleged that on August 22, 2008, he was working at his SCI-Mahanoy prison job, "maintenance repair," under the supervision of Paul Sosna. On this date, James Bennet, another inmate, was accused of stealing food from the kitchen. Appellant was named as a witness to the incident and asked to cooperate with an investigation by R.M. Desanti. Appellant refused to answer any questions or participate in the investigation. A number of days later, Appellant was removed from his prison job. Appellant alleged in his Amended Complaint that he lost his job because he "exercised his Fifth Amendment right to remain silent," when he refused to participate in the investigation, and that the loss of his job was improper and caused him harm.[2]
On May 5, 2009, Appellees filed Preliminary Objections in the nature of a demurrer.[3] Appellees asserted that the Amended Complaint failed to state any claim for which relief may be granted and that the claims were barred by sovereign immunity.
On August 24, 2009, the common pleas court entered a 12-page order and opinion which granted the Preliminary Objections and dismissed all the Counts of the Amended Complaint with prejudice. Specifically, the common pleas court found that (1) Appellant's retaliation claim must be dismissed because he failed to allege facts sufficient to demonstrate that he was engaged in any constitutionally protected activity when he refused to cooperate with the investigation, or that he was deprived of an established constitutional, statutory, or other right arising from federal law when he lost his prison job; (2) Appellant's conspiracy claim must be dismissed because he failed to allege any particularized facts that supported the existence of a conspiracy or that he suffered a deprivation of his civil rights; and (3) Appellant's defamation and negligent infliction of emotional distress must be dismissed because they were barred by the doctrine of sovereign immunity and did not fall within one of the eight exceptions set forth in 42 Pa.C.S. §8522.
On appeal, Appellant asserts that the common pleas court erred when it dismissed his Amended Complaint with prejudice. Appellant argues that the common pleas court's determination was not supported by the evidence or the applicable law.
The common pleas court's opinion was thorough and explained in detail the reasons why each count of the Amended Complaint must fail as a matter of law. This Court has reviewed the common pleas court's opinion and the cases cited therein and concludes that it adequately addressed the issues and applied sound legal reasoning. Accordingly, the Court adopts in full the Opinion of the common pleas court and affirms on this basis of the Opinion at Morris Willis v. R.M. Desanti, Paul Sosna, Brenda Tritt, James E. Unell, George Clements, John Kerestes, and Dorina Varner, Court of Common Pleas of Schuylkill County, No. S- 312-2009 (filed August 25, 2009).
The common pleas court is affirmed.

ORDER
AND NOW, this 1st day of April, 2010, the Order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is hereby affirmed.
NOTES
[1] In order to establish a prima facie case under 42 U.S.C. §1983, a plaintiff must plead and prove, inter alia, that he or she has been deprived of an established statutory, constitutional, or other right arising from federal law. West v. Atkins, 487 U.S. 42 (1988).
[2] Appellant filed a grievance which was ultimately denied.
[3] Rule 1028(a)(4) of the Pennsylvania Rules of Civil Procedure provides that a preliminary objection may be filed for legal insufficiency of a pleading. When ruling on a demurrer, a court may sustain the objections and dismiss the case only when such relief is clear and no doubt exists that the law will not permit a recovery. Stone and Edwards Insurance Agency v. Department of Insurance, 616 A.2d 1060 (Pa. Cmwlth 1992). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. Id. In coming to such a determination, the court must accept as true all well-pled allegations in the complaint and all inferences reasonably deduced therefrom. Doxsey v. Commonwealth, 674 A.2d 1173 (Pa. Cmwlth. 1996).