# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Gillam, :
               Petitioner :
                :
       v. : No. 196 M.D. 2017
                : Submitted: October 27, 2017
Pennsylvania Board of :
Probation and Parole, :
               Respondent :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**OPINION BY JUDGE BROBSON**       **FILED: April 16, 2018**

Before this Court in our original jurisdiction are the preliminary objections filed by the Pennsylvania Board of Probation and Parole (Board) to a petition for writ of mandamus filed by Daniel Gillam (Gillam). For the reasons set forth below, we overrule, in part, and sustain, in part, the Board's preliminary objections and dismiss Gillam's petition.

Gillam is an inmate at the State Correctional Institution at Benner (SCI-Benner) as a result of his conviction for third-degree murder and aggravated assault. Gillam has currently served 23 years of a 20-40 year sentence. Following his minimum release date, the Board has annually denied parole to Gillam.

On June 7, 2016, the Board denied Gillam's most recent parole request. Among the reasons for denial, the Board cited a "negative recommendation made by

the prosecuting attorney."[1]  (Notice of Board Decision, attached to Petition for writ of mandamus (Petition) as "Exhibit A.")  In his petition, Gillam avers that this was the first time that "negative recommendation from the prosecuting attorney" had been listed as a reason for denial.

On July 26, 2016, Gillam filed a request pursuant to the Right-to-Know Law,[2] seeking all reports, evaluations, and assessments used in determining his parole eligibility, including the negative recommendation from the prosecuting attorney.  (Right-to-Know Request, attached to Petition as "Exhibit B.")  By response dated September 12, 2016, the Board's Agency Open Records Officer determined no records existed regarding the negative recommendation from Gillam's prosecuting attorney.  (Right-to-Know Response, attached to Petition as "Exhibit C.")  On September 16, 2016, the Board provided Gillam with a notice, stating that it had removed "negative recommendation made by the prosecuting attorney" as a decisional factor in his parole denial.  (Board Modification, attached to Petition as "Exhibit D.")

On May 3, 2017, Gillam, acting *pro se*,[3] filed the instant petition with this Court, alleging procedural defects in the Board's denial of parole.  In his petition, Gillam alleges that because no record of a negative recommendation from the prosecuting attorney exists, the Board must have fabricated the negative

---

[1] The other reasons cited by the Board are:  (1) Gillam's risk and needs assessment indicating his level of risk to the community; (2) Gillam's reports, evaluations, and assessments/level of risk indicating his risk to the community; (3) Gillam's failure to demonstrate motivation for success; and (4) Gillam's minimization of the nature and circumstances of his offense.  (Notice of Board Decision, attached to Petition for writ of mandamus.)

[2] Act of February 14, 2008, P.L. 6, *as amended*, 65 P.S. §§ 67.101-.3104.

[3] We note that Gillam is currently represented by counsel.

2

recommendation, thus violating the "evidence-based" practices required for Board decisions regarding parole pursuant to Section 6131(a)(13) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6131(a)(13).[4]

In response, the Board filed preliminary objections to Gillam's petition, challenging the legal sufficiency of Gillam's claims. Specifically, the Board first avers that Gillam's petition is deficient, as Gillam failed to attach the requisite documentation in violation of Pa. R.C.P. No. 1019(i). Second, the Board argues that Gillam's denial of parole is not an adjudication under the Administrative Agency Law[5] and, as such, is not reviewable. As an alternative to its second argument, the Board argues that relief in mandamus actions for parole denials is limited to ensuring that the Board followed proper procedures and applied the proper law. The Board avers that it followed the proper procedure and applied the proper law in Gillam's parole denial, and it argues that Gillam does not have a clear legal right to compel the Board to exercise its discretionary functions in a particular manner.

Mandamus is an extraordinary remedy that is designed to compel the performance of a ministerial or mandatory duty on the part of a governmental body, but mandamus will not lie to compel a discretionary act on the part of the governmental body. *Bronson v. Bd. of Prob. and Parole*, 421 A.2d 1021, 1023 (Pa. 1980), *cert. denied*, 450 U.S. 1050 (1981). To obtain relief, a plaintiff must prove that he has a clear legal right to the relief requested, that there is a corresponding duty on the part of the governmental body to grant that relief, and that

---

[4] Previously the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended*, formerly 61 P.S. §§ 331.1-.34a, repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147. The General Assembly, in enacting the Code, 61 Pa. C.S. §§ 101-7123, consolidated the provisions of the Parole Act, which are currently set forth in Sections 6101 to 6153 of the Code, 61 Pa. C.S. §§ 6101-6153.

[5] 2 Pa. C.S. §§ 501-08, 701-04.

3

there is no other adequate and appropriate remedy at law. *Id.* In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.*

In the Board's first preliminary objection, it contends that Gillam's petition fails to conform to Pa. R.C.P. No. 1019(i). Specifically, the Board avers that although Gillam's petition references previous parole denials and multiple certifications and programs he completed, he did not attach these documents to the petition. Pa. R.C.P. No. 1019(i) provides that, when a claim is based upon a writing, the pleader shall attach a copy of the writing, or, in the event that the writing is not accessible, the pleader shall state as much, together with the reason. Here, the missing documentation complained of by the Board does not form the basis of Gillam's claim. Instead, Gillam's claim is based upon the evidentiary standards the Board used in his most recent parole decision. Gillam's completed certification programs and previous parole decisions are merely factual history, independent from the basis of his claim. Thus, Gillam is not required pursuant to Pa. R.C.P. No. 1019(i) to attach those documents to his petition. Accordingly, the Board's preliminary objection based on failure to conform to Pa. R.C.P. No. 1019(i) is overruled.

4

We now turn to the Board's second preliminary objection—that the Board's denial of parole is not reviewable, as it is not an adjudication. Our Supreme Court has concluded that parole denials are not reviewable by the appellate courts. *Rogers v. Pa. Bd. of Prob. and Parole*, 724 A.2d 319, 322-23 (Pa. 1999). Part of the rationale underlying this conclusion is that parole denials are expressly excluded from the definition of an adjudication under Section 101 of the Administrative Agency Law, 2 Pa. C.S. § 101.[6] *See Weaver v. Pa. Bd. of Prob. and Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997). In the instant case, however, Gillam is not seeking a review of his parole denial. Instead, he is petitioning this Court to require the Board to follow what Gillam perceives to be the proper procedures in coming to a determination regarding his parole eligibility.

As our Supreme Court noted in *Rogers*, a case involving appeals of denials of parole, "[w]hile appellants are not entitled to appellate review of a [Board] decision, they may be entitled to pursue allegations of constitutional violations against the . . . Board through a writ of mandamus . . . to compel the [Board] to conduct a hearing or to apply the correct law." *Rogers*, 724 A.2d at 323 n.5 (italics omitted). In such a case, mandamus will lie if a petitioner could show that the Board's action was "based upon an erroneous conclusion that it had the discretion to deny parole for the reason given." *Weaver*, 688 A.2d at 777. As we construe

---

[6] Section 101 of the Administrative Agency Law defines "adjudication" as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, *paroles*, pardons or releases from mental institutions.

(Emphasis added.)

5

Gillam's petition to be alleging such action, we overrule the Board's preliminary objection that the instant petition is not reviewable.

We now address the Board's final preliminary objection, wherein it avers that, even if Gillam's petition is reviewable, the Board followed the proper procedure and applied the correct law in denying Gillam parole, and Gillam does not have a legal right to compel the Board to perform a discretionary action in a certain manner. In his petition, Gillam avers that the Board failed to utilize "evidence-based practices" in making its decision as required by Section 6131(a)(13)-(15) of the Code, 61 Pa. C.S. § 6131(a)(13)-(15). To that end, Gillam alleges that the Board, in violation of those evidence-based practices, fabricated the negative recommendation from the prosecuting attorney as a reason to deny his parole. Gillam's claim, however, overlooks the fact that "evidence-based practices," as used in the Code, is a specifically defined term in the statute.

Section 6131(d) of the Code, 61 Pa. C.S. § 6131(d), defines "evidence-based practices" as "*[i]nterventions and treatment approaches* that have been proven effective through appropriate empirical analysis." (Emphasis added.) Gillam's claim that the Board violated the Code essentially contends that the Board applied the wrong evidentiary standards when it denied parole. The statute, however, actually speaks to "evidence-based *practices*," which requires the Board to analyze appropriate interventions and treatment approaches. As such, the statutory language upon which Gillam relies does not support his claim, and, therefore, Gillam lacks a clear right to relief on this claim. *See Barge v. Pa. Bd. of Prob. and Parole*, 39 A.3d 530, 549 (Pa. Cmwlth. 2012), *aff'd per curiam*, 96 A.3d 360 (Pa. 2014). Further, as Gillam's petition offers no other complaints of procedural defects or erroneous applications of the law by the Board, Gillam has

6

failed to state a claim for mandamus, and the Board's preliminary objection is sustained.[7]

Accordingly, we overrule, in part, and sustain, in part, the Board's preliminary objections and dismiss Gillam's petition for writ of mandamus.

_____
P. KEVIN BROBSON, Judge

---

[7] To the extent that Gillam's petition can be construed as seeking an explanation or further information regarding the reasoning for his parole denial, we conclude that no relief is possible. *See Hollawell v. Pa. Bd. of Prob. and Parole*, 701 A.2d 290, 291 (Pa. Cmwlth. 1997).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Daniel Gillam,                                         :
                              Petitioner              :
                                                      :
                    v.                                :     No. 196 M.D. 2017
                                                      :
Pennsylvania Board of                                 :
Probation and Parole,                                 :
                              Respondent              :

## *O R D E R*

AND NOW, this 16th day of April, 2018, the Pennsylvania Board of Probation and Parole's preliminary objections are SUSTAINED, IN PART, and OVERRULED, IN PART, and Daniel Gillam's petition for writ of mandamus is DISMISSED.

_____
P. KEVIN BROBSON, Judge