IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Landon D. May,                        :
                    Appellant         :
                                      :
            v.                        :
                                      :
Jane Doe, Department of               :    No. 1036 C.D. 2022
Corrections                           :    Submitted: May 12, 2023


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                   FILED: September 6, 2023


        Landon D. May (May), pro se, appeals from the Centre County
Common Pleas Court's (trial court) August 22, 2022 order[1] dismissing May's
Complaint against Jane Doe[2] and the Department of Corrections (collectively, DOC)
(Complaint) with prejudice. Essentially, May presents one issue for this Court's
review: whether the trial court abused its discretion or erred as a matter of law by
sustaining DOC's Preliminary Objections and dismissing May's Complaint.[3] After
review, this Court affirms.

---

[1] Although the trial court's order was dated August 22, 2022, it was not docketed until
August 24, 2022.
[2] Jane Doe is "an as-yet-unidentified employee of the [Department of Corrections (]DOC[)]
whose duties include managing/supervising the operation of [] DOC's Security Processing Center
. . . . " Complaint ¶ 2.
[3] In his "Questions Involved," May presents three issues for this Court's review:

        1. [DOC] addressed the merits of [] May's claim during
        administrative review and failed to raise a preliminary objection to
        his capacity to sue. Then, for the first time, objecting in demurrer,

May is an inmate at the State Correctional Institution at Phoenix (SCI-Phoenix).[4]  On January 27, 2020, Jessica Leigh Johnson (Johnson) placed a $33.21 order, as May's agent, with ThriftBooks.com for seven books to be delivered to May at DOC's SCI-Phoenix's Security Processing Center (SPC).[5]  *See* Complaint ¶¶ 5-7; *see also* Exs. A-1, A-2, B.  Despite that the SPC received some of the books on February 5, 2020, and the remainder of the books on February 6, 2020, DOC only delivered two of the books to May.  *See id.* ¶¶ 8-11; *see also* Exs. C-1 - C-2.  The value of the books DOC has not delivered to May is $25.28 (inclusive of tax).  *See id.* ¶ 12.

On February 24, 2020, May filed a grievance with the Facility Grievance Officer requesting the remaining five books, or the $25.28 reimbursement (Grievance).  *See id.* ¶¶ 13-14; *see also* Ex. D.  On March 10, 2020, the Facility Grievance Officer denied the Grievance, stating that DOC only received two of the books.  *See id.* ¶ 15; *see also* Ex. E.  May appealed to the Facility Manager, who upheld the Facility Grievance Officer's denial, asserting: "[Y]our books were delivered to the [SPC,]" but the high volume of book deliveries causes delays, and

---

[DOC] argued that [May] was not injured.  Was that argument merely a repackaged challenge to standing, and therefore waived?

2. When ruling on a demurrer, all well-pleaded facts and inferences are in the plaintiff s favor.  Since May pleaded the existence of an agency relationship, did the [trial] court err in failing to account for that when sustaining [DOC's] preliminary objections?

3. There's a vast body of [Pennsylvania] Supreme Court authority - plus detailed administrative codes and departmental regulations - governing prisoners' right[s] to receive mail.  So did the [trial] court err when it held [DOC] could not be liable to [] May when [DOC] neglected to deliver his properly addressed mail?

May Br. at 2.

[4] *See* www.inmatelocator.cor.pa.gov (last visited Sept. 5, 2023).

[5] The Complaint does not specify who Johnson is or how an agency relationship was formed.

"[o]nce the mailroom receives your book [sic] from [the] SPC, it will be processed the same day and sent to the housing unit you are assigned to." *See id*. ¶¶ 16-18; *see also* Exs. F, G. May appealed to the Office of Inmate Grievances and Appeals, which, on June 22, 2020, denied May relief, reiterating that the SPC had forwarded to him the two books it had received.[6] *See id*. ¶¶ 19-20; *see also* Exs. H, I. By July 3, 2020 letter, May notified DOC that he had exhausted his administrative remedies and demanded $25.28, therein asserting that sovereign immunity would not shield the tortfeasors from a negligence action or DOC from vicarious liability. *See id*. ¶ 21; *see also* Ex. J.

On August 17, 2020, May filed the Complaint in the trial court asserting a negligence claim against Jane Doe under the personal property exception to what is commonly referred to as the Sovereign Immunity Act (Act), 42 Pa.C.S. § 8522(b)(3), for the lost books, and declaring that DOC was vicariously liable for Jane Doe' negligence. *See* Complaint ¶¶ 23-28. May sought an injunction directing DOC to locate and deliver the books or, in the alternative, to pay him $25.28 in compensatory damages and costs. *See id*. at 5.

DOC filed Preliminary Objections to the Complaint in the nature of a demurrer, arguing that the Complaint failed to state a cause of action upon which the court could grant relief. DOC argued that the single, barebones averment of DOC's vicarious liability was insufficient to satisfy the fact pleading rules. DOC also asserted that since May failed to allege that he paid for the books, he did not suffer actual loss or damages and, therefore, May failed to state a valid negligence claim.

On February 8, 2021, the trial court sustained the Preliminary Objections, declaring that May failed to establish actual loss or damages necessary

---

[6] The Chief Grievance Officer added that his office "attempted to contact the company [that] the books were ordered from, to no avail." Complaint Ex. I.

to prove negligence. The trial court dismissed the Complaint, but permitted May to file an amended complaint within 30 days. May did not file an amended complaint.

May appealed to this Court, which, on February 17, 2022, quashed May's appeal as interlocutory. *See May v. Jane Doe, Pennsylvania Department of Corrections* (Pa. Cmwlth. No. 649 C.D. 2021, filed Feb. 17, 2022) (*May I*). May appealed to the Pennsylvania Supreme Court, which denied allocatur on August 2, 2022. On August 10, 2022, May filed a Praecipe for Entry of Final Judgment in the trial court. On August 22, 2022, upon May's "failure to file an [a]mended [c]omplaint," the trial court dismissed the Complaint with prejudice. Trial Ct. 8/22/2022 Order. May appealed to this Court.[7]

Without the trial court having ordered him to do so, on September 1, 2022, May filed a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b). On September 9, 2022, the trial court issued its opinion pursuant to Rule 1925(a) (1925(a) Opinion), concluding that it adequately stated the reasons for its decision in its February 8, 2021 order in *May I*.

May argues that the trial court erred by dismissing his action against DOC. Specifically, May claims that DOC waived its challenge to his standing by not raising it relative to his Grievance; that the trial court erroneously disregarded his agency relationship with Johnson, which was created when he authorized Johnson to place the book order, so any loss is his; and that the trial court improperly absolved DOC of its duty to deliver his mail after it was under DOC's care, custody, and control. Pennsylvania Rule of Civil Procedure (Civil Rule) 1028(a)(4)

---

[7] "[This Court's] review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law." *Ward v. Potteiger*, 142 A.3d 139, 142 n.6 (Pa. Cmwlth. 2016) (quoting *Pub. Advoc. v. Brunwasser*, 22 A.3d 261, 266 n.5 (Pa. Cmwlth. 2011)).

4

authorized DOC to object to the Complaint based on its legal insufficiency (demurrer). *See* Pa.R.Civ.P. 1028(a)(4).

> "The question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible. In reviewing a [trial] court's decision to grant a demurrer, our Court's standard of review is de novo." *Stilp v. Gen. Assembly*, . . . 974 A.2d 491, 494 ([Pa.] 2009) (citations omitted). Thus, we will affirm a trial court's order sustaining preliminary objections and dismiss[ing] . . . a complaint "only in cases that are clear and free from doubt that the law will not permit recovery" by the appellant. *Cap. City Lodge No. 12, Fraternal Ord. of Police v. City of Harrisburg*, . . . 588 A.2d 584, 586-87 ([Pa. Cmwlth.] 1991). In ruling on preliminary objections in the nature of a demurrer, this Court accepts as true all well-pleaded facts in the complaint and draws all inferences reasonably deducible therefrom in favor of the nonmoving party. *Stone & Edwards Ins. Agency, Inc. v. Dep't of Ins.*, . . . 616 A.2d 1060, 1063 ([Pa. Cmwlth.] 1992). However, we "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. (citing *Dep't of Pub. Welfare v. Portnoy*, . . . 566 A.2d 336 ([Pa. Cmwlth.] 1989)). And, in the face of doubt, our resolution should be in favor of reversing the grant of the demurrer.

*Vasquez v. Berks Cnty.*, 279 A.3d 59, 75-76 (Pa. Cmwlth. 2022).

Relevant here, May sought monetary damages from Jane Doe and DOC on the basis that DOC employees, particularly Jane Doe, had a duty to care for his belongings, she breached that duty,[8] her breach was the direct and proximate cause of May's harm, and "DOC is vicariously liable for the negligence of its servant [Jane] Doe." Complaint ¶ 27; *see also id*. ¶ 23-27. May added that sovereign immunity was waived in this instance under Section 8522(b)(3) of the Act. *See id*. ¶ 28.

---

[8] May declared that although the precise nature of Jane Doe's carelessness was not known, it could be inferred from the facts - *res ipsa loquitur*. *See* Complaint ¶ 24.

This Court has explained:

> Pursuant to [a]rticle [I], [s]ection 11 of the Pennsylvania Constitution, [Pa. Const. art. I, § 11,] the General Assembly declared that 'the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.' 1 Pa.C.S. § 2310.

*Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (footnote omitted).

> This Court determines whether a Commonwealth employee is protected by sovereign immunity by considering "whether the . . . employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within [1] of the [now 10] exceptions to sovereign immunity."

*Id*. at 122 (quoting *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992));

*see also* Section 8522 of the Act.

> Thus, "**[t]o impose liability on a Commonwealth party**, (1) **the alleged negligent act must involve a cause of action that is recognized at common law or by a statute**, **and** (2) **the case must fall within one of [the] exceptions to sovereign immunity listed in Section 8522(b)**" of [the Act]. *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751, 753 (Pa. Cmwlth. 1996) (citing 42 Pa.C.S. § 8522(b)). [**May**], therefore, **bore the "initial burden" of setting forth a claim for negligence against [Jane Doe/DOC] where damages would be recoverable under the common law or a statute creating a cause of action**. *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005), *as amended* (Feb. 10, 2005); *see also Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 85 (Pa. Cmwlth. 2005) ("The threshold question in a case of . . . sovereign immunity is whether [May] would have an action in damages at common law or statute if [Jane Doe/DOC] could not claim the defense of governmental or sovereign immunity.").

6

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (bold and underline emphasis added; footnotes omitted).

In order to satisfy the first immunity waiver requirement, there must be a cause of action involving negligence recognized at common law or by statute. *See Young*. This Court has explained: "To state a negligence claim, 'the **plaintiff must demonstrate** that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and **the plaintiff suffered an actual loss or damage**.'" *Id*. at 289 (quoting *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998)) (bold and underline emphasis added).

Here, the trial court found that May averred sufficient facts in the Complaint to show that his claim met the first three negligence requirements. Specifically, the trial court observed that DOC did not argue that it did not owe May a duty or that it did not breach that duty. *See* Trial Ct. 2/8/2021 Op. at 3. The trial court further declared that May sufficiently pled causation under a *res ipsa loquitur* theory. *See id*. However, the trial court concluded that since *Johnson* ordered and paid for the books, *May* did not incur actual loss or damages. *See id*. at 4.

Because DOC did not raise standing in its Preliminary Objections, May's claim that DOC waived its standing challenge by not raising it relative to his Grievance lacks merit. May's argument that the trial court absolved DOC of its duty to deliver his mail also lacks merit since the trial court observed that DOC did not challenge the duty it owed May. Finally, contrary to May's assertion, the trial court did not disregard May's purported agency relationship with Johnson. Rather, the trial court properly accepted that allegation as fact and focused on the elements May had to satisfy to state a valid negligence claim, which included that "the plaintiff

7

[May] suffered an actual loss or damage.'"[9] *Young*, 260 A.3d at 289 (quoting *Martin*, 711 A.2d at 461).

Based on this Court's review, and accepting as true all well-pleaded facts as we must, *see Vasquez*, May made clear in the Complaint that **Johnson ordered and paid for the subject books**. *See* Complaint ¶ 6; *see also* Exs. A-1, A-2, B. May offers no legal basis for *his* recovery for *Johnson's* loss or damages under these circumstances, and this Court has found none. Because May failed to state sufficient facts entitling him to either the books or reimbursement therefor, he failed to plead actual loss or damages. By failing to properly plead facts necessary to support one of the required negligence elements, he did not satisfy the first immunity waiver requirement necessary to state a valid legal claim upon which the trial court could grant relief.[10] *See Young*. Accordingly, the trial court did not abuse its discretion or err as a matter of law by sustaining DOC's Preliminary Objections.

Because the trial court properly sustained the Preliminary Objections and May failed to file an amended complaint, the trial court properly dismissed May's Complaint with prejudice. Based on the foregoing, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] "['A]gency['] results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary[.]" *Smalich v. Westfall*, 269 A.2d 476, 480 (Pa. 1970). Assuming that such relationship existed in the instant matter, May did not claim that he pre-paid or reimbursed Johnson for the book order, such that he was entitled to the missing books or the sum Johnson paid for them.

[10] Since both a valid negligence claim <u>and</u> circumstances that fall under one of the immunity exceptions in Section 8522(b) of the Act are necessary to impose liability on DOC and/or its employees, in the absence of a valid negligence claim in the first instance, this Court need not proceed to determine whether the case falls under one of the immunity exceptions. *See Young*.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Landon D. May,
          Appellant

        v.

Jane Doe, Department of
Corrections

:
:
:
:
:
:
:   No. 1036 C.D. 2022
:

# O R D E R

AND NOW, this 6th day of September, 2023, the Centre County Common Pleas Court's order dated August 22, 2022 (entered August 24, 2022) is affirmed.

_____
ANNE E. COVEY, Judge