625 A.2d 733

**Vincent J. FUMO, State Senator, Chairman Senate Appropriations Committee (D), Petitioner,**

**v.**

**Barbara HAFER, Auditor General, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 1, 1993.

Decided May 12, 1993.

Christopher B. Craig and Adrienne H. Thomas, Co–Counsel, for petitioner.

Paul W. Yatron, Chief Counsel, for respondent.

Before CRAIG, President Judge, COLINS, J., and LORD, Senior Judge.

CRAIG, President Judge.

Before this court are the Commonwealth Auditor General's preliminary objections to a petition for review in the nature of a writ of mandamus filed by Senator Vincent J. Fumo. Sena-

tor Fumo was the Minority Chairman of the Senate Appropriations Committee at the time he filed the petition. The petition, addressed to the original jurisdiction of this court, sought to compel the Auditor General to provide budgetary information to the *minority* chairman.

The Auditor General presents the following issues in her preliminarily objections: 1) whether a minority chairman of the Senate Appropriations Committee has standing to compel the Auditor General to produce budgetary data and information, pursuant to section 619 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by Section 3 of the Act of September 27, 1978, P.L. 775, 71 P.S. § 239(d); or 2) whether a minority chairman has standing to compel release of the information pursuant to section 620 of the Code, 71 P.S. § 240(a).

Since the filing of the petition, Senator Fumo has become the *majority* chairman of the committee. The parties agree that this change in circumstances renders that particular § 619 issue moot. However, this court will address that issue nevertheless because the case concerns an important public matter and the issue can arise again. *See Graziano Construction Company, Incorporated v. Lee,* 298 Pa.Superior Ct. 311, 444 A.2d 1190 (1982). Moreover, under § 619, there is a factual question as to whether any "budget request" is outstanding, to which the demand can apply.

## BACKGROUND FACTS

By letter dated September 3, 1992, the petitioner, as minority chairman, requested that the Auditor General provide answers to four detailed questions on fiscal and budgetary matters, including information concerning the possible uses of department money for political campaigns, and financial costs associated with federal litigation. The Auditor General responded to the chairman's request by a letter of October 1, 1992, and did not provide the requested fiscal information. The chairman sent two additional letters on October 2, and 6, 1992, again requesting the information. The Auditor General

responded to the chairman's October 2 letter, again refusing to provide the requested information.

## PROCEDURAL HISTORY

On October 8, 1992, the chairman filed a mandamus action in this court, seeking to compel the production of the requested information. The chairman also filed an application for special relief in the nature of peremptory mandamus and a motion for the expedited consideration of the application for relief. This court granted the latter motion, and denied petitioner's application for peremptory mandamus. This court concluded that the minority chairman has standing to bring this action, and ordered the Auditor General to respond to the chairman's petition for review.[1]

The Auditor General then filed the present preliminary objections, challenging the chairman's standing to compel the release of fiscal information from the Auditor General.

## ANALYSIS

█ This court will sustain preliminary objections and dismiss a petition for review only where the pleaded facts clearly show that the petitioner will be unable to prove facts legally sufficient to establish his right to relief. *Schott v. Westinghouse Electric Corporation*, 436 Pa. 279, 259 A.2d 443 (1969). The standard for dismissal is high, and should there be any doubt as to whether dismissal is warranted, this court may not grant the preliminary objections. In addition, this court must consider as true all well-pleaded material facts in the complaint and all reasonable inferences. *Pennsylvania Liquor Control Board v. Rapistan*, 472 Pa. 36, 371 A.2d 178 (1976)

### 1. Budgetary Data Requested Under § 619

█ The Auditor General contends that, under section 619 of the Code, only the *majority* chairman of the committee may

1. *Fumo v. Hafer* (No. 351 M.D.1992, filed November 9, 1992).

compel the production of budgetary documentation from the Auditor General.

Section 618 of the Code states in relevant part:

**§ 238.  (Adm.Code § 618) Revenue Estimates**

(c) ... The equations of the model or models and any historic data bases related thereto shall be available to any member of the Oversight Committee or to the *Minority Chairman of the Appropriations Committee of the Senate or House of Representatives* ...

(Emphasis added.)

Section 619 states in relevant part:

**§ 239.  (Adm.Code § 619) Transmission of Budget Information to the General Assembly**

(d) The Governor and *each department or agency of the Commonwealth,* upon request of the *Chairman of the Appropriations Committees of either the Senate or the House of Representatives,* shall provide documentation of any budget request, including revenue estimates upon which the Governor's budget estimate is based.

(Emphasis added.)

The Auditor General contends that, because section 618 of the Code specifically refers to a "minority chairman," and because the legislature uses the adjective "majority" only when the two officials are referred to together, i.e., "majority and minority chairmen," the rules of statutory construction require an interpretation of the term "chairman," as used in section 619, to mean only the majority chairman of the Appropriations Committee.

The Auditor General also contends that, because Rule XVI, paragraph 1 of the Rules of the Senate vest control of its committees and representatives in the *majority* party, and specifically refers to the permanent Standing Committee as consisting of the Chairman, Vice–Chairman, and members appointed by the President Pro Tempore, there can be no other reasonable interpretation of section 619, within the

meaning of the Senate Rules, other than that the term "chairman" does not include the minority chairman.

The Auditor General also asserts that section 1 et seq. of the Public Official Compensation Law, Act of September 30, 1983, P.L. 160, *as amended,* 65 P.S. § 366.1 et seq., recognizes that the Appropriations Committee has only one chairman, and uses the terms "Appropriations Chairman," and "Minority Appropriations Chairman," to signify the majority and minority chairmen, respectively.

■ The rules of statutory construction require that courts, whenever possible, give each word in a statutory provision meaning and not treat any word as surplusage. *Commonwealth v. Driscoll,* 485 Pa. 99, 401 A.2d 312 (1979). In addition, courts must give force and effect to the policy intent of the statute. 1 Pa.C.S. § 1921(a).

■ The primary method of determining the meaning of a statute is simply to look at the plain and unambiguous meaning of the statute as written by the legislature. However, where the meaning of a statute is not clear, courts may look to other factors, i.e., the consequences of a particular interpretation, in determining legislative intent. *Commonwealth v. Snyder,* 385 Pa.Superior Ct. 58, 560 A.2d 165 (1989) In interpreting statutes, courts may also consider two statutes involving the same subject and construe the statutes in harmony if possible. 1 Pa.C.S. § 1932(a); *See also Appeal of Yerger,* 460 Pa. 537, 333 A.2d 902 (1975).

In the present case, the language in section 619 is not clear as to whether the minority chairman as well as the majority chairman has a right to obtain information from the Auditor General, who, under that section, is a department or agency of the Commonwealth. That section refers to a "chairman" in the singular and "Appropriations Committees" in the plural form. The Auditor General correctly notes that in other sections of the Code the legislature refers to "Majority and Minority Chairmen of the Appropriations Committees."

However, as we noted in *Fumo I,* this court may look to the General Appropriations Act of August 4, 1991, No. 7A, § 251,

which the legislature enacted pursuant to the Administrative Code, for guidance in interpreting section 619 of the Code. Section 251 of the General Appropriations Act refers to the minority chairman as "Chairman of the Appropriations Committee (D)" and the majority chairman as "Chairman of the Appropriations Committee (R)." Because both the minority and majority chairmen are referred to generally as "Chairman," the same interpretation may be applied to section 619 of the Code, when the two statutes are read in pari materia.

We noted in *Fumo I* that this interpretation is sensible, especially when we read subsections (a) and (d) of section 619 of the Code together. Subsection (a) reads in part:

(a) In December of each year, the Governor shall meet with the *Majority and Minority Chairmen of the Appropriations Committees* and the officers of the General Assembly to brief the legislative leadership on the issues he can foresee as being imminent in the budget for the next fiscal year ...

(Emphasis added.)

The Auditor General relies on vague concepts in the Rules of Senate and the Public Official Compensation law to support her contention that "chairman" means only the majority chairman. Because the General Appropriations Act, enacted pursuant to the Code, offers a sound interpretation of the Code, this court will use that section in analyzing the intent of the legislature.

In addition, the Auditor General's argument that, had the legislature *intended* that section 619 apply to the minority chairman, it would have so stated, does not solve the ambiguity in that section because arguably, the opposite could also be true, i.e., had the legislature intended that section 619 apply to only the *majority* chairman, it would have so indicated.

Thus, this court concludes that both the majority and minority chairmen of the Appropriations Committees have standing under section 619 of the Code to compel the Auditor General to produce the requested budgetary information.

## 2. Budgetary Data Requested under Section 620

The minority chairman argues alternatively that section 620 of the Code also gives a minority chairman of the Appropriations Committee standing to request and receive fiscal information.

Section 620 states:

**§ 240. (Adm.Code § 620) Budget Implementation Data**

(1) . . .

In addition to the above specified budgetary data, the *Governor* shall make available any other budgetary data as may be requested from time to time by the Majority and Minority Chairmen of the Appropriations Committees of the Senate and the House of Representatives.

(Emphasis added.)

The petitioner cites *Lewis v. Thornburgh,* 75 Pa.Commonwealth Ct. 207, 462 A.2d 310 (1983), and argues that the Auditor General is a member of the executive branch of the government, and as such, is included within the term "Governor."

However, as we noted in *Fumo I,* although the *Lewis* decision does indicate that section 620 requires the *Governor* to provide information to the minority and majority chairmen, that provision does not impose such a requirement on the Auditor General. In view of section 620's clear reference to the Governor, that section cannot be read to include executive departments such as the department of the Auditor General.

The term "Governor" alone cannot be deemed to include the specially elected Auditor General, especially in light of the fact that, in section 619, discussed above, the legislature clearly used the phrase "Governor *and* each department or agency" to embrace cabinet members. The legislature did not take that obvious literal approach in section 620.

Thus, this court concludes that section 620 of the Code does not vest the minority chairman with the right to obtain the requested information from the Auditor General under section 620.

## CONCLUSION

Consideration of issuance of a mandamus order, peremptory or otherwise, must await the identification of a "budget request"—one or more—because section 619, under which petitioner does have standing, is expressly confined to mandating the providing of "documentation of any budget request."

Accordingly, this court will overrule the Auditor General's preliminary objections as to the minority chairman's standing to receive budgetary information under section 619, but we will sustain the preliminary objections as to the applicability of section 620 to the Auditor General.

Further pleading and proceedings are required to resolve the "budget request" question and other factual matters.

## ORDER

NOW, May 12, 1993, it is ORDERED (1) that the Auditor General's preliminary objections as to the minority chairman's standing to receive budgetary information under section 619 of the Administrative Code, namely Preliminary Objections 1–6 inclusive and 10–12 inclusive, are OVERRULED, AND (2) the preliminary objections as to the applicability of section 620 to the Auditor General, namely Preliminary Objections 7–9 inclusive, are SUSTAINED.

Due to the illness of Senior Judge WRIGHT, this case was submitted to Senior Judge LORD for consideration.