IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shavez Holden, aka Shawvez Nelson,   :
                            Petitioner   :
                                    :
                       v.             :   No. 634 M.D. 2020
                                    :   Submitted: August 27, 2021
The Pennsylvania Board of Probation   :
and Parole; The Pennsylvania        :
Department of Corrections; John E.    :
Wetzel (Secretary of Corrections, PA.  :
D.O.C.),                            :
                  Respondents  :

BEFORE:       HONORABLE MARY HANNAH LEAVITT, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                               FILED: October 28, 2021

Shavez Holden, aka Shawvez Nelson, *pro se*, has filed a petition for review in the nature of a mandamus action. Holden alleges that in retaliation for his exercise of his First Amendment right of access to the courts, U.S. CONST. amend. I, the Department of Corrections (Department) provided incorrect information to the Pennsylvania Board of Probation and Parole (Parole Board).[1] As a result, Holden was denied parole. Holden seeks an order requiring the Department to clear his file of all false misconduct reports. The Parole Board, the Department and John E. Wetzel, Secretary of Corrections (collectively, Respondents) have filed a

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16 and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

preliminary objection in the nature of a demurrer. We sustain the preliminary objection and dismiss the petition.

In his petition, Holden alleges that he is an inmate incarcerated at the State Correctional Institution (SCI) at Greene serving a sentence of 20 to 40 years sentence. The petition further avers that Holden was previously denied parole on November 7, 2018, and October 25, 2019. Most recently, he was denied parole on October 9, 2020, and it is this most recent denial of parole that is the subject of the instant petition. Petition at 3, ¶6.

In its decision of October 9, 2020, the Parole Board denied Holden parole for the following reasons:

> Your institutional behavior, including reported overall misconducts.
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Other factors deemed pertinent in determining that you should not be paroled: Your need for an extended period of positive adjustment.

Petition, Exhibit B at 1. The Parole Board advised Holden that he would be reviewed for parole in or after October 2021, and at his next interview, it would review his file and consider: whether he complied with the Department's order that he undergo mental health services, whether the Department recommended parole, and whether he has a clear conduct record. Petition, Exhibit B at 1-2.

Holden's petition alleges that when he was interviewed for parole, one of the Parole Board members, "Ms. Barto," told him that there was a note that he "put a hit out on a[n] inmate for working with the authorities in [his] last institution . . . [which was] very disturbing[, and] it's gonna be very hard [for him] to get five

2

votes [for parole]." Petition at 4, ¶A (emphasis in original omitted). Holden alleges that he was never made aware of this allegation and was never disciplined for such conduct. *Id*. His petition further avers that prior to November of 2018, Holden had filed a lawsuit pursuant to 42 U.S.C. §1983 (relating to violations of civil rights) against 30 employees of the Department for prison conditions.[2] Specifically, the federal lawsuit charged that the prison's grievance hearings lacked fairness and impartiality because the hearing examiners routinely credit the written reports of prison staff over the inmate's rebuttal testimony. In the federal lawsuit, Holden also alleged that Department employees imposed cruel and unusual punishment by placing him in the restricted housing unit; unlawfully seized his personal property; and filed false misconduct reports against Holden in retaliation for grievances he had filed against prison staff at SCI-Forest. While the federal lawsuit was pending, the Department employees were "allowed to add fabricated information to [his] file for the Parole Board to review." Petition at 4, ¶9. By way of example, the Superintendent of SCI-Forest, Derek Oberlander, a defendant in the federal lawsuit, was allowed to provide information to the Parole Board on Holden's request for parole.

Holden alleges that the Parole Board relied upon fabricated information from the Department to deny him parole. He further alleges that he has met all the prerequisites that the Parole Board stated in October 2020 that it would consider at his next parole review. He took the additional institutional programming, complied with the Department's mental health services, received the Department's institutional support for parole, provided a viable release plan, and maintained a clear conduct record. Despite meeting all these requirements, the Parole Board wants him

---

[2] *Holden v. Wetzel* (W.D. Pa. No. 1:18-CV-237-SPB).

3

to meet a new prerequisite for parole: a longer period of positive adjustment. Petition at 7, ¶C.

Holden seeks an order to compel the Department to remove false misconduct reports from his files; to compel the Parole Board to grant him a new hearing without consideration of the false information previously added to his file; and to compel the Parole Board to conduct the hearing without the participation of attorneys who represent the Department.

In response, Respondents have filed preliminary objections. They object to the form of the pleading, which is not divided into paragraphs numbered consecutively, with each paragraph containing only one material allegation as required by Pennsylvania Rule of Civil Procedure 1022, Pa.R.Civ.P. 1022.[3] Additionally, Respondents have demurred, contending that a mandamus action is not available to challenge the discretionary decision to deny parole.

In ruling on preliminary objections, the Court "must accept as true all well[-]pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom." *Buoncuore v. Pennsylvania Game Commission*, 830 A.2d 660, 661 (Pa. Cmwlth. 2003). We are not required to accept as true "conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* For this Court to sustain preliminary objections, "it must appear with certainty that the law will not permit recovery[.]" *McCord v. Pennsylvania Gaming Control Board*, 9 A.3d 1216, 1218 n.3 (Pa. Cmwlth. 2010) (quotations omitted). Should there be any doubt, this Court should overrule the preliminary objections. *Fumo v. Hafer*, 625 A.2d 733, 734 (Pa. Cmwlth. 1993).

---

[3] It states that "[e]very pleading shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation." Pa.R.Civ.P. 1022.

4

First, the Court will address Respondents' preliminary objection in the nature of a demurrer.

Mandamus is an extraordinary remedy that is designed to compel the official performance of a ministerial act or mandatory duty. *McGriff v. Pennsylvania Board of Probation and Parole*, 809 A.2d 455, 458 (Pa. Cmwlth. 2002). "A writ of mandamus may be issued only where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a lack of any other appropriate and adequate remedy." *Id.* Mandamus will not lie to compel a discretionary act or to direct the exercise of discretion in a particular way. *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). "Mandamus is not appropriate to challenge whether an agency considered improper factors, whether its findings were supported by the record in rendering a decision, or whether its stated basis was pretext as such question takes place in the scope of an appeal." *Garcia v. PA Board of Probation and Parole* (Pa. Cmwlth., No. 10 M.D. 2012, filed July 25, 2012) (unreported),[4] slip op. at 3 (citing *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766 (Pa. Cmwlth. 1997)). Mandamus will lie against the Parole Board only where it has not followed the law or the proper procedures in ruling on an application for parole. *Weaver*, 688 A.2d at 777.

Under Section 6135 of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6135, the Parole Board is required to consider several factors when determining whether to grant parole to an inmate. These factors include:

> (1) The nature and circumstances of the offense committed.
>
> (2) Any recommendations made by the trial judge and prosecuting attorney.

---

[4] The Pennsylvania Supreme Court affirmed this decision *per curiam*. *See Garcia v. PA Board of Probation and Parole*, 69 A.3d 235 (Pa. 2013).

5

(3) The general character and background of the inmate.

(4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department….

(5) The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).

(6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.

(7) *The conduct of the person while in prison* and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.

61 Pa. C.S. §6135(a) (emphasis added). The Parole Board has discretion to decide which factors to afford the most weight in considering whether to parole an inmate. *Hibbard v. Pennsylvania Board of Probation and Parole*, 816 A.2d 344, 347 (Pa. Cmwlth. 2003) (Parole Board has the discretion to give one factor greater weight or even the entire weight in denying an inmate parole).

In its decision of October 9, 2020, the Parole Board denied Holden parole because of his conduct while in prison, his risk to the community, and the need for an extended period of positive adjustment. Petition, Exhibit B. Even if Holden demonstrated that the Department's misconduct reports were incorrect, this is not dispositive. The Parole Board cited other reasons, *i.e.*, risk to the community and the need for a longer period of positive adjustment.

In *Burkett v. Frank*, 841 A.2d 646 (Pa. Cmwlth. 2004), this Court considered a similar argument. There, the inmate filed a petition asserting that a trial court judge and district attorney, in retaliation against him for a previous successful habeas corpus petition, recommended that the Parole Board not grant him parole. Burkett asserted that the Parole Board's stated reasons for denying parole were pretextual and that it had no legitimate reason to deny him parole. The Court rejected Burkett's claim. First, the Parole Board was required by statute to consider recommendations made by the sentencing court and district attorney. Further,

> even if Burkett could demonstrate that the recommendations of the sentencing judge and district attorney were based on improper motives, the [Parole] Board's denial of parole would be proper based on the other reasons cited. "Mandamus cannot be used to say that an agency considered improper factors, that its findings were wrong, or that the reasons set forth in its decision are a pretense."

*Id.* at 650 (citing *Weaver*, 688 A.2d at 777). Here, as in *Burkett*, even if Holden could prove the Department's misconduct report was false or incorrect, the denial of parole was based on other reasons cited by the Parole Board, which are not relevant to the misconduct reports.

To the extent Holden's petition can be construed as an attempt to state a claim against the Secretary or any Department employees for retaliation under 42 U.S.C. §1983,[5] it is irrelevant. Holden alleges that he is already pursuing claims

---

[5] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. §1983.

against the Secretary and various employees of the Department for retaliation. Petition at 3, ¶7. Therefore, mandamus does not lie against the Secretary or any Department employees for a retaliation claim.

Concluding that the petition for review does not state a clear right to relief, we sustain Respondents' preliminary objection in the nature of a demurrer and dismiss Holden's petition for review in the nature of a writ of mandamus with prejudice.[6]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[6] It is unnecessary to address Respondents' preliminary objection to pleading defects. *See generally Green v. Pennsylvania State Board of Veterinary Medicine*, 116 A.3d 1164, 1167 (Pa. Cmwlth. 2015) (Court did not need to address preliminary objection under Pa.R.Civ.P. 1022 because it sustained the State Board's demurrer and dismissed the petition).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shavez Holden, aka Shawvez Nelson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 634 M.D. 2020 |
| | : | |
| The Pennsylvania Board of Probation and Parole; The Pennsylvania Department of Corrections; John E. Wetzel (Secretary of Corrections, PA. D.O.C.), | : : : : : | |
| Respondents | : | |

# **O R D E R**

AND NOW, this 28th day of October, 2021, upon consideration of the preliminary objections filed by the Pennsylvania Board of Probation and Parole, the Pennsylvania Department of Corrections, and John E. Wetzel, to the petition for review in the nature of a writ of mandamus filed by Shavez Holden, aka Shawvez Nelson, it is hereby ORDERED that the preliminary objection in the nature of a demurrer is SUSTAINED and the petition for review is dismissed with prejudice.

_____
MARY HANNAH LEAVITT, President Judge Emerita