IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warren Evans,                              :
                         Petitioner        :
                                           :
          v.                               :     No.  398 M.D. 2020
                                           :     Submitted:  July 29, 2022
Pa. Board of Probation and Parole,         :
Scott A. Woolf, Acting Board               :
Secretary for Commonwealth of              :
Pennsylvania,                              :
                         Respondents       :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  September 29, 2022


        The Pennsylvania Board of Probation and Parole (Parole Board)[1] has filed a preliminary objection (PO) in the nature of a demurrer to Warren Evans's (Evans) pro se petition for review (Petition) seeking mandamus relief.  Evans asserts the Parole Board improperly declared him ineligible for parole for failure to participate in sex offender treatment as required by 42 Pa. C.S. § 9718.1.  Evans argues that recent case law has deemed 42 Pa. C.S. § 9718 unconstitutional and therefore he is

_____

[1]  The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board before this action commenced on June 26, 2020.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§ 6191, 6111(a).

not required to participate in sex offender treatment in order to be considered eligible for parole. Concluding that Evans's Petition fails to state a claim in mandamus, we sustain the Parole Board's PO and dismiss Evans's Petition.

Evans is currently in Department of Corrections (DOC) custody as an inmate at the State Correctional Institution at Rockview (SCI Rockview) serving a sentence for his 2013 convictions for involuntary deviate sexual intercourse (IDSI) with a child,[2] endangering the welfare of a child,[3] and corruption of minors.[4] Petition ¶ 5.

In a decision recorded on April 19, 2020 (Parole Decision), the Parole Board deemed Evans ineligible for parole. The Parole Board indicated that DOC reported that Evans had "not attended and participated in a [DOC] program of counseling or therapy designed for incarcerated sex offenders as required by 42 Pa. C.S.[] [§] 9718.1[(a)]." Petition, Ex. B. According to the Parole Board, Evans's convictions require participation in sex offender treatment before Evans can be considered for parole. *Id*. The Parole Board's decision advised Evans that he "will not be interviewed by the Parole Board for parole/reparole until notification is provided by [DOC] that [he has] participated in a [DOC] sex offender treatment program." *Id*.

Evans subsequently filed his Petition with this Court and asserts that the Parole Board unlawfully relied on Section 9718 in its decision to deny him consideration for parole. Specifically, Evans asserts that Section 9718 is "unconstitutional[] and cannot be used to either deny [Evans] eligibility for parole, nor force him to participate in a [DOC] Sex Offender Program for treatment that's been created, designed, established and implemented from the unconstitutional

---

[2] 18 Pa. C.S. § 3123(b).

[3] 18 Pa. C.S. § 4304.

[4] 18 Pa. C.S. § 6301.

statute." Petition ¶ 9. Throughout his Petition, Evans argues that based on recent case law, he is "no longer designated as a sexually violent predator (SVP)" and is, therefore, not subject to "any Violent Prevention Program which [is inapplicable] and unconstitutional."[5] Petition ¶ 10. Further, Evans, relying on *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), and *Alleyne v. United States*, 570 U.S. 99 (2013), argues that the mandatory minimum sentencing pursuant to Section 9718 "is unconstitutional on its face, non-severable, and void, and yet the Parole Board decision rests upon such." Petition ¶ 13. Based on these arguments, Evans seeks a writ of mandamus from this Court (1) directing the Parole Board to rescind its April 19, 2020 decision and (2) ordering that the Parole Board grant Evans's parole. Petition ¶ 14.

In response, the Parole Board argues that Evans's Petition does not state a claim in mandamus because he has failed to demonstrate that he is not required to participate in sex offender treatment, he has failed to show he has a right to be considered eligible for parole, and he has failed to show that the Parole Board has a duty to consider him eligible for parole under his circumstances. Parole Board's Br. at 8.

Mandamus is an extraordinary remedy used to compel a government agency to act where a petitioner can show (1) a clear right to relief, (2) a corresponding duty on the government agency to act, and (3) a lack of an alternative legal remedy. *Humphrey v. Dep't of Corr.*, 939 A.2d 987, 991 (Pa. Cmwlth. 2007) (citing *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005)). Mandamus cannot be used to

---

[5] In his Petition, Evans outlines case law which impacted the Sexual Offender Registration and Notification Act (SORNA), 42 Pa. C.S. §§ 9799.10 – 9799.75 and his arguments regarding the effect of such case law on his designation as an SVP and registration requirements. Because those issues are not raised in this Petition, we do not address Evans's SVP designation or SORNA registration requirements.

direct the exercise of discretion of a government agency in a particular way. *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). With respect to parole decisions, our Supreme Court has held that a prisoner may be entitled to pursue allegations of constitutional violations against the Parole Board through a writ of mandamus. *Rogers v. Pa. Bd. of Prob. & Parole,* 724 A.2d 319 (Pa. 1999). Moreover, this Court has indicated that mandamus is available to compel the Parole Board to correct a mistake in applying the law. *Reider v. Pa. Bd. of Prob. & Parole,* 514 A.2d 967 (Pa. Cmwlth. 1986). We note that "[m]andamus will lie against the [Parole Board] only if it has not followed the law or proper procedures in ruling on an application for parole." *Burkett v. Frank,* 841 A.2d 646, 649 (Pa. Cmwlth. 2004) (citation omitted).

In considering a preliminary objection in the nature of a demurrer, we "must consider as true all well-pled material facts set forth in the petition and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. Where it is "clear and free from doubt" that facts pleaded are legally insufficient to establish a right to relief, we will sustain a preliminary objection. *Id*.

We must first consider whether Evans's Petition establishes that he has a clear right to the relief he seeks. Section 9718.1 of the Sentencing Code requires that any person convicted of certain sexual offenses involving minor victims, including any offense enumerated in Chapter 31 if the offense involved a minor under 18 years of age, who is sentenced to a period of incarceration in a state correctional institution, be required to participate in a DOC program of counseling or therapy designed for incarcerated sex offenders. 42 Pa. C.S. § 9718.1. Additionally, under Section 9718.1(b), an inmate required to participate in sex offender treatment is not eligible

for parole unless the inmate "has: (i) served the minimum term of imprisonment; (ii) participated in [the sex offender treatment program]; and (iii) agreed to comply with any special conditions of parole imposed for therapy or counseling for sex offenders[.]" 42 Pa. C.S. § 9718.1(b).

Here, Section 9718.1 applies to Evans. Evans was convicted of IDSI with a child at 18 Pa. C.S. § 3123(b). Pursuant to 18 Pa. C.S. § 3123(b), a person commits IDSI with a child when the person engages in sexual intercourse with a complainant who is less than 13 years of age. There is no dispute that IDSI with a child is a Chapter 31 violation and an element of his conviction includes that his victim was a child under the age of 13. Therefore, the Parole Board correctly concluded that Evans is required to participate in the sex offender treatment program, and he is not eligible for parole until he has participated in the program.

Evans's reliance on the *Alleyne* and *Wolfe* decisions for his assertion that he is not required to participate in the sex offender treatment program is misplaced. In *Alleyne*, 570 U.S. at 103, the United States Supreme Court held that any fact that increases a penalty for a crime must be treated as an element of the crime and submitted to a jury to be found beyond a reasonable doubt, rather than to a judge at sentencing. In *Wolfe*, the Pennsylvania Supreme Court considered the mandatory sentencing scheme set forth in Section 9718 of the Sentencing Code, which set forth mandatory sentences for criminal offenses committed against infant persons. Consistent with the *Alleyne* decision, the Court held that Section 9718 "plainly and explicitly" required judicial fact finding and was "irremediably unconstitutional on its face, non-severable, and void." *Wolfe*, 140 A.3d at 663.

Contrary to Evans's arguments, neither the *Alleyne* nor the *Wolfe* decisions implicate Section 9718.1 and that section remains constitutional. Section 9718.1

5

does not set forth any mandatory minimum sentencing scheme nor does it purport to increase a penalty for a crime by relying on a sentencing judge's factual findings rather than facts proven beyond a reasonable doubt. The Parole Board properly relied on Section 9718.1 of the Sentencing Code in denying Evans's parole eligibility.[6]

Therefore, Evans's Petition fails to plead facts sufficient to establish a right to relief where the Parole Board, in compliance with Section 9718.1 of the Sentencing Code, is requiring that he participate in a sex offender treatment program before he can be considered eligible for parole. Accordingly, the Parole Board's PO is sustained, and Evans's Petition is dismissed.

_____
STACY WALLACE, Judge

---

[6] Insofar as Evans argues that *Alleyne* and *Wolfe*, or any other case law, impacted his SVP status and abolished his requirement to participate in the sex offender treatment program, we need not address this issue because the Parole Board did not base its decision on the portion of Section 9718.1 that addresses an SVP's requirement to participate in a sex offender treatment program. Evans does not dispute that he was convicted of IDSI with a child in 2013, *see* Petition ¶ 5, and this conviction, regardless of SVP status, requires that he participate in sex offender treatment before he can be considered eligible for parole. *See* 42 Pa. C.S. § 9718.1.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warren Evans, : 
                Petitioner : 
                 : 
         v. :   No. 398 M.D. 2020
                 : 
Pa. Board of Probation and Parole, : 
Scott A. Woolf, Acting Board : 
Secretary for Commonwealth of : 
Pennsylvania, : 
            Respondents : 

# **O R D E R**

     **AND NOW**, this 29th day of September, 2022, the Pennsylvania Board of Probation and Parole's Preliminary Objection is **SUSTAINED** and Warren Evans's Petition is **DISMISSED**.

 

_____

STACY WALLACE, Judge