IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Com. Ex. Rel Caine Pelzer,     :
                       Petitioner    :
                                     :
                v.                :    No. 384 M.D. 2022
                                     :    Submitted: May 12, 2023
Luzerne County Court of Common   :
Pleas, Secretary George Little,     :
Pennsylvania Department of        :
Corrections, Pennsylvania Department:
of Corrections Records Department,  :
Pennsylvania Board of Probation    :
and Parole, James Haddock, Luzerne  :
County Clerk of Courts,         :
                Respondents:

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT              FILED: November 16, 2023

Caine Pelzer, *pro se*, has filed a petition for review in this Court's original jurisdiction that challenges his criminal sentence imposed by the Luzerne County Court of Common Pleas (sentencing court); an assessment for "transportation fees" imposed by the clerk of courts;[1] his housing in an Intensive Management Unit (IMU) by the Department of Corrections; and the denial of his parole by the Pennsylvania Board of Probation and Parole (Parole Board).[2] Pelzer seeks a declaratory judgment that rights protected by statute and the constitution

---

[1] The opinion's reference to "sentencing court" includes the Luzerne County Clerk of Courts, James Haddock (Haddock), who is named separately in Pelzer's petition for review.

[2] The agency's name was changed to the Pennsylvania Parole Board.

have been violated. Preliminary objections have been filed by Respondents, which seek the dismissal of the petition for review. A motion for summary relief has been filed by Pelzer. For the reasons that follow, we sustain Respondents' preliminary objections, dismiss the petition for review, and dismiss as moot Pelzer's motion for summary relief.

## Background

Pelzer is an inmate at the State Correctional Institution – Phoenix, where he is serving a sentence of 17 to 34 years for robbery and related offenses. Pelzer appealed his judgment of sentence. Petition ¶7. In *Commonwealth v. Pelzer* (Pa. Super., No. 1279 MDA 2019, filed May 26, 2021), the Pennsylvania Superior Court affirmed Pelzer's convictions but vacated the judgment of sentence. Holding that his mandatory minimum sentence was unconstitutional, the Superior Court remanded the matter to the sentencing court for resentencing. *Id.*, slip op. at 17-18. On remand, Pelzer's original sentence of 22 to 44 years was reduced to an aggregate sentence of 17 to 31 years imprisonment. Petition ¶7. Pelzer's petition alleges that on March 11, 2022, while his appeal from the judgment of sentence was pending in the Pennsylvania Superior Court,[3] the sentencing court entered an amended sentencing order, directing Pelzer to serve 17 to 34 years of imprisonment. Petition ¶¶14, 27.

In November of 2021, Pelzer filed a motion for reimbursement, seeking the return of $854.63 that had been removed from his inmate account for filing fees and restitution. *Id.* ¶8. The sentencing court granted his motion, finding that Pelzer was never served with notice or provided information on how the fees were calculated. *Id.* ¶9. However, the sentencing court did not order reimbursement, and

---

[3] *Commonwealth v. Pelzer* (Pa. Super., No. 1670 MDA 2021).

none was made. *Id*. ¶¶10-11. The petition alleges that, subsequently, the Luzerne County Clerk of Courts, James Haddock (Haddock), entered another judgment and lien against him in the amount of $1,700. *Id*. ¶12.

The petition alleges that the Department of Corrections improperly accepted the amended sentence of 17 to 34 years. Petition ¶27. It then confined Pelzer in the IMU, a "Supermaximum Security Unit," a unit "created . . . out of thin air," without giving Pelzer notice, an opportunity for rebuttal or the right to appeal. *Id*. ¶¶15-16. Further, the Department will not recommend him for parole because he has been confined in the IMU. *Id*. ¶21.

The petition next alleges that the Parole Board ignored the "positive recommendation[s] . . . from the District Attorney's Office and the [s]entencing judge . . . [and] denied [him] [p]arole simply because he has not received a recommendation for [p]arole from the [Department of Corrections.]" Petition ¶21. In addition, the Department of Corrections never recommends IMU prisoners for parole. *Id*.

Respondents filed preliminary objections to Pelzer's petition for review. The sentencing court argues that the petition lodges an improper collateral attack on Pelzer's sentence; violates sovereign immunity; and fails to state a cognizable claim. The Parole Board argues that an action in mandamus does not lie to challenge the denial of parole because the decision involves the exercise of discretion. The Department of Corrections asserts that the deduction of court costs from his inmate account is time barred by the applicable statute of limitations and that the petition for review does not state a clear right to a writ of mandamus to change either his sentence or his housing in prison.

3

Thereafter, Pelzer filed a motion for summary relief, asserting that no factual issues exist and that he is entitled to judgment as a matter of law against the sentencing court, including Haddock, because it did not file a responsive pleading.

**Analysis**

In ruling on preliminary objections, this Court must accept as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id*. "[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it." *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). The statute of limitations is an affirmative defense, but it can be raised in preliminary objections where the pleading establishes the immunity, and no objection has been lodged to raising sovereign immunity in preliminary objections. *Davis v. Commonwealth*, 660 A.2d 157, 159 n.2 (Pa. Cmwlth. 1995).

Pelzer's petition for review seeks a writ of mandamus, which is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty. To prevail in mandamus, a petitioner must establish (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). The purpose of mandamus is not to establish rights or to compel performance of discretionary acts but, instead, to enforce rights

4

that have been clearly established. *Id.* "Mandamus is not appropriate to challenge whether an agency considered improper factors, whether its findings were supported by the record in rendering a decision, or whether its stated basis was pretext as such question takes place in the scope of an appeal." *Garcia v. PA Board of Probation and Parole* (Pa. Cmwlth., No. 10 M.D. 2012, filed July 25, 2012) (unreported),[4] slip op. at 3.

With these precepts in mind, we turn to each Respondent's preliminary objections.

### Sentencing Court's Preliminary Objection

The sentencing court argues that the petition for review presents a collateral attack on Pelzer's sentence, which cannot be presented in a civil action. The sentencing court asks this Court to dismiss Pelzer's petition with prejudice. Pelzer responds that the sentencing court lacked jurisdiction to modify his sentence while Pelzer's appeal was pending in the Pennsylvania Superior Court.

Pelzer cannot use the present civil action to collaterally attack his modified sentence, ordered by the sentencing court on March 11, 2022. *See Keller v. Kinsley*, 609 A.2d 567 (Pa. Super. 1992) (civil action cannot be used to collaterally attack a conviction). Rather, Pelzer must pursue any challenge to the legality of his modified sentence by filing a petition under the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9546. *See Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011) (a Post Conviction Relief Act petition is the exclusive means to challenge the legality of a conviction or sentence).

---

[4] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Pelzer contends that in addition to amending his sentence, the sentencing court improperly ordered him to pay related fees and costs. However, this also is a matter that is properly addressed to the sentencing court. *See Herrschaft v. Department of Corrections*, 949 A.2d 976, 980 (Pa. Cmwlth. 2008) (citing *Commonwealth v. Williams*, 909 A.2d 419, 420-21 (Pa. Cmwlth. 2006) (challenge to an assessment of costs by the clerk of courts must be brought to the sentencing court)).

Accordingly, we sustain the sentencing court's preliminary objection.

### Department of Corrections' Preliminary Objections

The Department of Corrections asserts that Pelzer's challenge to the calculation and implementation of Pelzer's sentence does not meet the threshold requirement for a writ of mandamus. This Court may compel the Department to implement a sentence properly, but Pelzer is attacking the sentence, not its implementation. Further, the Department must follow the sentencing court's order. *See Oakman v. Department of Corrections*, 903 A.2d 106, 109 (Pa. Cmwlth. 2006) (as an administrative agency, Department is bound to follow a trial court's orders). Mandamus is not available where there is another remedy, and Pelzer's remedy is to appeal his criminal sentence. We hold that the petition has not stated a claim for mandamus.

In regard to his claim that he is improperly housed in the IMU, the Department of Corrections argues that the petition does not state a cognizable claim in mandamus. We have held that it is "entirely a matter of the Department's discretion where to house an inmate. Under the Department's regulation, an 'inmate does not have a right to be housed in a particular facility or in a particular area within a facility.'" *Clark v. Beard*, 918 A.2d 155, 160 (Pa. Cmwlth. 2007) (quoting 37 Pa.

6

Code §93.11). The issue of an inmate's liberty interest arises only when the prison imposes an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Department Brief at 11 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Here, Pelzer's petition has not alleged that his housing in the IMU has imposed an atypical and significant hardship.[5] Department Brief at 12. We conclude that the petition for review is deficient in this respect.

As to Pelzer's claim that $854.63 was illegally deducted from his inmate account, the Department argues that such a claim is time barred. This amount was deducted from Pelzer's inmate account in April 2009.[6]

---

[5] Pelzer alleges that the Department of Corrections never recommends IMU prisoners for parole. Because "[t]he decision to release a prisoner rests on a myriad of considerations[, a]nd, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his [IMU placement,] [t]he chance that [being housed in the IMU/not receiving the Department of Correction's recommendation] will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Feliciano v. Department of Corrections*, 250 A.3d 1269, 1279 (Pa. Cmwlth. 2021) (citation omitted).

[6] Attached to the Department of Corrections' brief is a copy of Pelzer's account history from the Integrated Offender Case Management System, which reflects that the $854.63 at issue was deducted from Pelzer's inmate account on April 1, 2009. Department Brief, Exhibit A. The Department states: "Accordingly, because Pelzer references and relies upon his payment history to argue the [Department] has illegally deducted funds from his inmate account, Respondents have attached the pertinent excerpt from his inmate account." Department Brief at 7-8 n.3. While we acknowledge that we "cannot consider matters collateral to the pleading opposed[,]" which would render the Department's preliminary objection an improper speaking demurrer, we may consider "such matters as arise out of the statement of claim or complaint itself[.]" *Detweiler v. School District of Borough of Hatfield*, 104 A.2d 110, 113 (Pa. 1954). Pelzer references the specific deduction of $854.63, from his inmate account, as part of his claim against the Department. Thus, the Department "could properly annex [the account ledger] to [its] demurrers for [it was] in every sense of the term [a] factual matter[] arising out of the complaint[ itself]." *Id.*

Act 84[7] authorizes the Department of Corrections to deduct monies from an inmate's personal account to collect court-ordered restitution or costs imposed as part of a sentence. However, Section 5524(6) of the Judicial Code provides that "'[a]n action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession' must be commenced within two years." 42 Pa. C.S. §5524(6). Because the court costs of $854.63 were paid in full by April 2009, and Pelzer filed the instant petition for review in June 2022, his claim is time barred.

For these reasons, we sustain the Department's preliminary objections.

## Parole Board's Preliminary Objection

The Parole Board argues that mandamus does not lie to challenge the denial of parole because that matter is committed to the Parole Board's discretion. Pelzer responds that he is not challenging the Parole Board's authority to deny parole. Rather, he argues that when he came up for parole, the Parole Board considered "fabricated documents it received" from the Department of Corrections. Pelzer Brief at 34.

The Prisons and Parole Code (Parole Code) requires the Parole Board to consider several factors when determining whether to grant parole to an inmate. These factors include:

> (1) The nature and circumstances of the offense committed.
>
> (2) Any recommendations made by the trial judge and prosecuting attorney.

---

[7] Act of June 18, 1998, P.L. 640, No. 84. Act 84 amended Section 9728 of the Sentencing Code, 42 Pa. C.S. §9728, to add subsection (b)(5), which authorizes the Department of Corrections to make deductions from inmate accounts to pay court-ordered obligations imposed by the sentencing court.

8

(3)    The general character and background of the inmate.

(4)    Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.

(5)    The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).

(6)    The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.

(7)    *The conduct of the person while in prison* and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.

61 Pa. C.S. §6135(a) (emphasis added). The Parole Board has discretion to decide the weight to be assigned each factor. *Hibbard v. Pennsylvania Board of Probation and Parole*, 816 A.2d 344, 347 (Pa. Cmwlth. 2003) (Parole Board has the discretion to give one factor greater weight or even the entire weight in denying an inmate parole).

Pelzer claims that he was denied parole "based upon fabricated documents," including an institutional vote sheet (DC-46). Pelzer Brief at 34. Specifically, Pelzer argues he was denied parole because he is a "threat to the community;" has not demonstrated "motivation for success;" has a negative history

9

of institutional behavior, including misconducts; and received the Department's negative recommendation.[8]  Pelzer Brief at 36-37.

In *Burkett v. Frank*, 841 A.2d 646 (Pa. Cmwlth. 2004), this Court considered a similar argument.  There, the inmate filed a petition for review asserting that a trial court judge and district attorney retaliated against him for his successful *habeas corpus* petition by recommending that the Parole Board not grant him parole. Burkett asserted that the Parole Board's stated reasons for denying parole were pretextual and that it had no legitimate reason to deny him parole.  The Court rejected the claim.  First, the Parole Board was required by statute to consider the conduct of the person while in prison, which includes recommendations made by the sentencing court and district attorney.  Second, even if Burkett could have demonstrated that the recommendations of the trial court judge and district attorney were based on improper motives, the Board's denial of parole would have been proper based on the other reasons cited.  "Mandamus cannot be used to say that an agency considered improper factors, that its findings were wrong, or that the reasons set forth in its decision are a pretense."  *Id.* at 650 (quoting *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997)).  Here, as in *Burkett*, even if Pelzer could prove the Department's misconduct report was false, the denial of parole was based "on other reasons" cited by the Parole Board.  In any case, the Parole Board's consideration of Pelzer's conduct in prison, including the Department's recommendation, is fully consonant with Section 6135(a) of the Parole Code.

---

[8] Pelzer directs the Court to two decisions of the Parole Board denying him parole, which he attached to his brief as Exhibit 10a as part of his "Reproduced Record."  Pelzer Brief at 34. However, in reviewing preliminary objections, this Court cannot consider exhibits attached to Pelzer's brief.  *See Thomas v. Corbett*, 90 A.3d 789, 800 (Pa. Cmwlth. 2014).

Accordingly, we sustain the Parole Board's preliminary objection.

## Motion for Summary Relief

Pelzer filed a motion for summary relief asserting that no factual issues exist and that he is entitled to judgment as a matter of law on his claims against the sentencing court and Haddock because they did not file a responsive pleading to the petition for review. This is unfounded, as preliminary objections were filed one day before Pelzer filed his motion for summary relief.

We do not reach the merits of whether Pelzer is entitled to summary relief because we sustain the preliminary objections of each Respondent.

## Conclusion

For the foregoing reasons, we sustain the preliminary objections raised by Respondents, dismiss as moot Pelzer's motion for summary relief, and dismiss the petition for review.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Com. Ex. Rel Caine Pelzer,      :
                   Petitioner   :
                           :
        v.               :      No. 384 M.D. 2022
                           :
Luzerne County Court of Common  :
Pleas, Secretary George Little,    :
Pennsylvania Department of       :
Corrections, Pennsylvania Department:
of Corrections Records Department,  :
Pennsylvania Board of Probation   :
and Parole, James Haddock, Luzerne :
County Clerk of Courts,        :
                 Respondents:

# **O R D E R**

AND NOW, this 16th day of November, 2023, the preliminary objections to Caine Pelzer's petition for review in the above-captioned matter are SUSTAINED, Caine Pelzer's motion for summary relief is DISMISSED as moot, and the petition for review is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge Emerita